

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00309-CV

**IN THE MATTER OF S.A.M.**

From the 289th Judicial District Court, Bexar County, Texas
Trial Court No. 2012-JUV-01204
The Honorable Carmen Kelsey, Judge Presiding

Opinion by:    Rebeca C. Martinez, Justice

Sitting:    Sandee Bryan Marion, Justice
Rebeca C. Martinez, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed:  February 26, 2014

AFFIRMED

The sole issue presented in this appeal is whether the trial court abused its discretion in modifying S.A.M.'s disposition by placing her on continued probation in the care, custody, and control of the Chief Juvenile Probation Officer instead of continuing her on probation in the care, custody, and control of her mother.  We affirm the trial court's order.

### ANALYSIS

A juvenile judge has broad discretion to determine a suitable disposition of a child who has been adjudicated as engaging in delinquent behavior, including modifying a disposition.  *See* TEX. FAM. CODE ANN. § 54.05 (West Supp. 2013); *In re P.E.C.*, 211 S.W.3d 368, 370 (Tex. App.—San Antonio 2006, no pet.).  Absent a showing of abuse of discretion, we will not disturb the court's

modification of a juvenile's disposition. *Id.* A court abuses its discretion when it acts in an unreasonable or arbitrary manner, or without reference to any guiding rules or principles. *Id.*

On July 23, 2012, S.A.M. was adjudged to have engaged in delinquent conduct for committing the offense of assault causing bodily injury to her mother and was placed on probation for nine months in the care, custody, and control of her mother. On April 4, 2013, the State filed a motion to modify the disposition, alleging that S.A.M. violated her probation by committing another assault-bodily injury against her mother. In response to the State's motion to modify her disposition, S.A.M. pled true to violating a condition of her probation by causing bodily injury to her mother. Specifically, S.A.M. stipulated that, on April 2, 2013, she caused bodily injury to her mother by pushing her with her hands; on that date, she was arrested on a new charge of assault-bodily injury (family); and she violated Condition No. 1 of her probation which requires her to "obey all laws." There was no plea bargain agreement as to disposition.

Part of the stipulated evidence was the probation department's pre-disposition report. The report dated April 10, 2013 included the facts that S.A.M. had been arrested for misdemeanor assault against her mother on a total of three occasions while residing in the home; although 14 years old, S.A.M. had a continuing sexual relationship with a 26-year-old man, as well as a 15-year-old boy; she had a history of behavioral issues at school, including attacking other students; she was "out of control" both at home and at school; and she had no positive relationships outside the home.

Based on the stipulated evidence, the trial court found the alleged probation violation to be true, and modified S.A.M.'s disposition by extending the term of her probation for 18 months, and placing her outside the home in the care, custody, and control of the Chief Juvenile Probation Officer. At the conclusion of the hearing, the trial court made several findings on the record in support of its modification of S.A.M.'s disposition. The court found that inside the home she

cannot be provided with the care, support, and supervision that she needs in order to fulfill the conditions of probation, and she is in need of a structured and therapeutic environment in order to be rehabilitated. The court expressed its concern about S.A.M.'s "aggressive and assaultive behavior" toward her mother, her "promiscuity," and the fact that her mother is unable to supervise her inside the home. The court also cited the fact that S.A.M. had "so many difficulties at school," and "the very, very poor choices" that S.A.M. makes when in the community, including having sex at 13 and 14 years of age. The trial court further stated its belief that S.A.M.'s medical needs "also need to be addressed very intensively while [she is] at placement." The court's written disposition order makes the findings required by Family Code section 54.05(m) to support placement outside the home, stating that it is in S.A.M.'s best interest to be placed outside the home, that reasonable efforts were made to prevent removal from the home, as stated on Exhibit B attached to the court's order, and the child cannot be provided the quality of care and support and level of supervision needed to meet the conditions of probation while inside the home. TEX. FAM. CODE ANN. § 54.05(m). The court added an additional specific reason supporting placement outside the home, finding that S.A.M. "is in need of a structured and therapeutic environment in order to be rehabilitated."

On appeal, S.A.M. argues the trial court abused its discretion by placing her outside the home. She asserts that she successfully completed more than eight months of the nine-month probation term and made significant progress at school and home while on probation inside her home. The record establishes that while on probation for the previous assault against her mother, S.A.M. again assaulted her mother after complaining she would not let S.A.M. marry her 15-year-old boyfriend. S.A.M. has been arrested for assaulting her mother, and causing her bodily injury, a total of three times. S.A.M., 14 years old at the time of the modification hearing, admits to being sexually active with males her own age as well as older adult males. She reports regularly engaging

in sex, including oral sex, with two boyfriends – a 15-year-old gang member who she emulates and with whom she wants to have a baby, get married, and move to Mexico, as well as a 26-year-old gang member who she refers to as her "pimp" and "sugar daddy" and who she continued to attempt to contact while she was in detention. S.A.M. also admits continued alcohol use while she was on probation; she began drinking alcohol when she was 11 years old.

Although she was making B's and C's, S.A.M. was sent to her middle school's alternative program twice during the last school year and was suspended four times for disruptive behavior and violation of school rules. According to her principal, S.A.M. has continued to exhibit aggressive behavior toward other students and to have behavioral issues throughout the school year. She has no involvement in structured recreational activities. The record further reveals that her father reported difficulty when he was supervising S.A.M., stating that she would sneak in boyfriends for sex while at his home. While living with her father in May 2012, S.A.M. was sexually assaulted by a 30-year-old cousin, who is now incarcerated for the offense.

The probation department recommended placement outside the home for S.A.M. due to her aggressive and assaultive behavior at home and school, her mother's inability to adequately supervise her at home, and her contact with negative peer influences in the community, including her sexual conduct with a 15-year-old boy and 26-year-old man.

Based on the evidence in the record, we conclude the trial court did not abuse its discretion in determining that S.A.M. was in need of a "structured and therapeutic environment" for her rehabilitation which could not be provided inside the home, especially in view of her history of aggressive and assaultive behavior toward her mother, her advanced sexual activity at 13 and 14 years of age, and her behavioral issues at school. We hold the trial court did not abuse its discretion in extending the term of S.A.M.'s probation and placing her outside the home in the care, custody, and control of the Chief Juvenile Probation Officer of Bexar County, Texas.

Based on the foregoing reasons, the trial court's disposition order is affirmed.

Rebeca C. Martinez, Justice